United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABRIEL ELIAS LOBO QUINTERO,

Petitioner,

v.

TONYA ANDREWS, *et al.*,

Respondents.

Case No. 1:26-cv-06687-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Re: ECF No. 1

Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Lobo Quintero v. Andrews*, No. 1:26-CV-05092-NW, ECF No. 1. In July 2026, the Court dismissed the petition so that Petitioner could pursue a bond hearing before the immigration court. *Lobo Quintero v. Andrews*, No. 1:26-CV-05092-NW, 2026 WL 2110637, at *2 (E.D. Cal. July 21, 2026). After waiting more than a month without receiving that hearing, Petitioner filed this second petition. *See* ECF No. 1. But, shortly after filing, Petitioner finally received the bond hearing he was seeking. ECF No. 11 at 22–23. Given this timeline, the petition does not contain any facts regarding the hearing. At the hearing, the immigration judge denied release, finding that Petitioner had not met his burden as to flight. *Id.* at 22.

Respondents now move to dismiss the petition, arguing that Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. *Id.* at 2–3. In reply, Petitioner argues in part that the hearing he received was constitutionally inadequate as the record does not support any kind of flight risk finding. ECF No. 16 at 10–11. Accordingly, he maintains that his now six months of detention has become unconstitutionally prolonged as the bond hearing he received was constitutionally deficient.

## I. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. DISCUSSION

Generally, where an immigration detainee has failed to exhaust his administrative remedies by appealing his bond denial to the BIA, a court "should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, courts may excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). One such ground to excuse exhaustion is where the petitioner is challenging the constitutional adequacy of the bond hearing he received. *See Vasquez v. Warden, California City Immigration Processing Ctr.*, No. 1:26-CV-04482-DJC-SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Santibanez Vasquez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04482 DJC SCR, 2026 WL 2793606 (E.D. Cal. Sept. 17, 2026) (waiving exhaustion requirement where petition presented constitutional challenge to IJ's bond determination).

Here, Petitioner raised a challenge to the constitutional adequacy of the bond hearing he received for the first time in reply. It was not the subject of Petitioner's writ of habeas corpus because at that time the bond hearing had not occurred.

As to Petitioner's claim that his detention has become unconstitutionally prolonged, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Lobo Quintero*, 2026 WL 2110637, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified).

Here, other than stating that he has been detained for more than five months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. If the bond hearing Petitioner received did not provide constitutionally adequate process, then there may be an argument that his detention has now become unconstitutionally prolonged. But, as explained above, this is not the subject of the petition before this Court.

## III. CONCLUSION AND ORDER

Accordingly, the petition DISMISSED. This Order is without prejudice to Petitioner filing a new petition challenging the constitutional adequacy of his bond hearing, or a claim that his detention has become unconstitutionally prolonged if his detention continues beyond a reasonable period. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: November 10, 2026

Noël Wise
United States District Judge